| | |
|---|---|
| STATE OF COLORADO, COUNTY OF BOULDER<br>Address :    1777 6th Street<br>              Boulder, CO 80306<br>Phone Number: 303-471-3750 | |
| **Plaintiff(s): Kimberley Carpenter and Kenneth Carpenter**<br><br>**Defendant(s): American Family Mutual Insurance Company** | > COURT USE ONLY > |
| Attorney for Plaintiffs:<br>Name:   Beth Klein<br>        Carrie Frank<br>Address: Klein \| Frank, P.C.<br>        1909 26th Street, Suite 1C<br>        Boulder, CO  80302<br>Phone No.: 303-448-8884<br>Fax No.:  303-861-2449<br>Atty Reg. No. 17477<br>        17477<br>Email: beth@kleinfrank.com<br>       carrie@kleinfrank.com | Case Number:<br><br>Div: |
| **COMPLAINT** ||

PLAINTIFFS, Kimberley and Kenneth Carpenter, through their attorneys, Klein & Frank, P.C. for their Complaint against the Defendant, state and allege as follows:

## PARTIES

1. Plaintiff Kimberley Carpenter is an individual whose primary residence is located at 1116 Wagon Wheel Ct., Berthoud, Colorado 80513.

2. Plaintiff Kenneth Carpenter is an individual whose primary residence is located at 1116 Wagon Wheel Ct., Berthoud, Colorado 80513. He is and at all times relevant was the spouse of Kimberley Carpenter.

3. Upon information and belief, American Family Mutual Insurance Company is a Wisconsin insurance company, licensed by the Commissioner of Insurance to write insurance policies in the state of Colorado, whose corporate headquarters are located at 6000 American

1

Exhibit C

Parkway, Madison, Wisconsin 53783, and whose local regional claim's office is located at 9510 Meridian Boulevard, Englewood, Colorado 80112.

## JURISDICTION AND VENUE

4. The events giving rise to this action occurred in Boulder County, Colorado. Accordingly, jurisdiction and venue are proper in this Court.

## BACKGROUND

5. Plaintiffs, Kimberley and Kenneth Carpenter (hereinafter "Plaintiffs") bring this action for compensatory and statutory damages arising from two separate collisions which occurred on January 25, 2011 in Longmont, Colorado and on October 30, 2012 in Boulder, Colorado. Plaintiffs seek the benefit of their underinsured motorist policy with Defendant American Family Mutual Insurance Company (hereinafter "AmFam"), as well as compensatory damages and statutory benefits.

## GENERAL ALLEGATIONS

6. On or about January 25, 2011, at approximately 7:43 a.m., Plaintiff, Kimberley Carpenter, was the driver of a motor vehicle, stopped in traffic, in the westbound lane of 9th Avenue, near the intersection of Martin Street, in Longmont, Colorado when she was struck from behind by a vehicle driven by Susana Gonzalez, who failed to stop in time. ("First Crash")

7. The impact of Gonzalez's vehicle into Plaintiff, Kimberley Carpenter, caused multiple, severe injuries to Mrs. Carpenter. Mrs. Carpenter's injuries from this crash include, but are not limited to, injuries to her lower spine that necessitated surgery and permanent loss of feeling and numbness.

8. Ms. Gonzalez was insured though Allstate and carried liability insurance with limits of $25,000.00.

9. On or about October 28, 2011, Plaintiffs' counsel requested permission from AmFam to settle with Gonzalez for policy limits.

10. AmFam gave Plaintiffs' counsel permission to settle with Gonzalez in writing on November 15, 2011.

11. This matter was settled with Gonzalez and Allstate on or about November 17, 2011.

12. On or about October 30, 2012, at approximately 2:41 p.m., Plaintiff, Kimberley Carpenter was a pedestrian in the crosswalk, at the southwest corner of Broadway and Spruce Street, in Boulder, Colorado; and was heading east on Spruce Street, when she was struck by a vehicle driven by Barbiliz Nash, who was making a left turn on to Broadway and failed to yield to the pedestrian right of way. ("Second Crash")

13. The impact of Nash's vehicle into the body of Plaintiff, Kimberley Carpenter, caused multiple, severe injuries to Mrs. Carpenter. Mrs. Carpenter's injuries from this crash include, but are not limited to, fractured ribs, life threatening complications from the rib fractures resulting in extensive hospitalizations, and injuries to Kimberly Carpenter's left knee requiring surgery to her ACL.

14. Ms. Nash was insured though Geico and carried liability insurance with limits of $25,000.

15. On or about March 6, 2013, Plaintiffs' counsel requested permission from AmFam to settle with Nash.

16. On or about April 5, 2013, AmFam gave Plaintiffs' counsel permission to settle with Nash.

17. This matter was settled with Nash and Geico on or about April 26, 2013.

18. As a result of the Plaintiff's injuries from the First Crash and Second Crash, Plaintiff has had to miss work due to medical appointments, hospitalizations and therapy appointments. As such, Plaintiff has experienced great financial hardship.

19. Kenneth Carpenter suffered a loss of consortium proximately caused by the First and Second Crashes.

20. The negligent actions of Gonzalez and Nash were a proximate cause of the Plaintiff, Kenneth Carpenter's loss of consortium claims.

21. On January 25, 2011, Plaintiffs were insured with AmFam and had five underinsured motorist policies with limits of $500,000.00. The Plaintiffs' policy numbers for the January 25, 2011 crash are 19577448-01, 19577448-02, 19577448-03, 19577448-04 and 19577448-05.

22. On October 30, 2012, Plaintiffs were insured with AmFam and had five underinsured motorist policies with limits of $500,000.00. The Plaintiffs' policy numbers for the October 30, 2012 crash are: 19577448-01, 19577448-02, 19577448-03, 19577448-04, and 19577448-05.

23. Plaintiffs' counsel gave notice of the potential for an underinsured motorist claim to AmFam by letter dated October 28, 2011 for injuries Plaintiff, Kimberley Carpenter, sustained in the First Crash.

24. Plaintiffs' claim number for the January 25, 2011 collision is 00-161-862224-3422.

25. Plaintiffs' counsel gave notice they were making a second claim for an underinsured motorist claim to AmFam by letter dated March 6, 2013 for injuries Plaintiff, Kimberley Carpenter, sustained in the Second Crash.

26. Plaintiffs' claim number is 00-165-019922-3700 for the Second Crash.

27. AmFam was notified of the nature of the loss of consortium.

28. Both claims are being handled by the same adjuster for AmFam.

29. For injuries Plaintiff, Kimberley Carpenter received in the First Crash, Plaintiffs made demands that AmFam tender its policy limits under the terms of Plaintiffs' policies, on May 1, 2012, January 30, 2013, and June 7, 2013.

30. Plaintiffs made a demand that AmFam tender its policy limits under the terms of Plaintiffs' policy on June 7, 2013 for injuries Plaintiff, Kimberley Carpenter received in the Second Crash.

31. Plaintiff, Kimberley Carpenter on her own initiative offered to be subjected to a recorded statement, which AmFam conducted.

32. Plaintiff provided AmFam with medical records and bills related to this case at her expense.

33. Plaintiff provided AmFam with a worker's compensation release when requested by AmFam.

34. AmFam has made multiple requests for Plaintiffs to provide them with additional medical and/or billing records after receiving the above demands and Plaintiffs have fully cooperated with AmFam.

35. Plaintiffs' counsel provided AmFam with medical release authorizations in January of 2013 and then again in June of 2013, so that AmFam could conduct an independent investigation of Plaintiff, Kimberley Carpenter's extensive medical records. Releases for the following providers were given to AmFam:

Dr. Repine / Boulder Medical Center
Peak Form Physical Therapy
Colorado Joint Replacement
Boulder Community Hospital
Banner Home Health Care
Flatiron Imaging
Boulder Radiologist
Colorado Comprehensive Spine Institute (Frey & Kuklo)
Boulder Orthopedics - Dr. Voss
Diversified Radiologists

4

Avista Adventist Hospital
Long Peak ER Physicians
Longmont United Hospital
Bayad Nurses
Swedish Hospital
Rocky Mountain Surgery Center
Assurant Employee Benefits
Coal Creek Family Medicine
Walgreens
Invision Salley Jobe
Pathology Associates
South Denver Anesthesiologist
Boulder Women's Clinic
Paul Mikulecky, MD
Medsurant Monitoring
Ameripath Consolidate Labs, Inc.
Boulder Community Hospital
Praxair Healthcare Services
Urology Center of Colorado
Empi

36. From January 30, 2013 to June 7, 2013, AmFam did not utilize the medical releases provided by Plaintiff to investigate either the January 25, 2011 or the October 30, 2012 crashes.

37. AmFam has been provided with copies of Mrs. Carpenter's medical and billing records, some on multiple occasions.

38. Despite the gravity of Mrs. Carpenter's injuries, her financial hardship, and all of the information provided to AmFam, on January 25, 2013 the Defendant offered to settle the underinsured claim relating to the January 25, 2011 for $155,000.00. AmFam has offered nothing to Mrs. Carpenter for the October 30, 2012 crash.

39. Despite AmFam's knowledge of the serious and debilitating injuries suffered by Mrs. Carpenter, and her resultant financial distress, AmFam has made no offer to provide partial or interim payment of benefits owed for either above-described claims

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT CLAIM)

40. Plaintiffs hereby incorporate all allegations made elsewhere in this Complaint.

41. Plaintiff settled for the policy limits with Susana Gonzalez through Allstate with the approval of AmFam.

42. Plaintiff settled for the policy limits with Barbiliz Nash through Geico with the approval of AmFam.

43. At all times material hereto, Plaintiffs have underinsured motorist coverage with AmFam in the amount of $500,000.00 for each claim.

44. Plaintiffs' notice to AmFam of their UIM claims were timely.

45. Plaintiffs' personal injury claim arising from the January 25, 2011 collision has a reasonable value in excess of $500,000.00.

46. Plaintiffs' personal injury claim arising from the October 30, 2012 collision has a reasonable value in excess of $500,000.00.

47. Plaintiffs have complied with all conditions precedent to coverage under the insurance policies issued by AmFam to Plaintiffs.

48. At all times relevant to this action, AmFam owed to Plaintiff the implied duty of good faith and fair dealing with the insurance contract.

49. AmFam has breached its contracts with Plaintiffs.

50. As a direct and proximate result of AmFam's breach of contract, Plaintiffs have incurred damages.

51. AmFam has failed to fully investigate Plaintiffs' claims and has refused to offer the policy limits for the underinsured motorist benefits which Plaintiffs are entitled to, for injuries sustained in the subject collisions.

### SECOND CLAIM FOR RELIEF
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

52. Plaintiffs hereby incorporate all allegations made elsewhere in this Complaint.

53. AmFam has a duty to deal in good faith with the Plaintiffs regarding their underinsured motorist claims.

54. Plaintiffs have complied with the terms of the underinsured motorist policies.

55. AmFam has breached its duty by unreasonably delaying payment of the underinsured motorist policy benefits and by unreasonably denying benefits under the underinsured motorist policies.

56. AmFam's denial of its underinsured motorist benefits is unreasonable and in bad faith and in violation of C.R.S. § 10-3-1113(4), C.R.S. § 10-3-1104 and its subparts and other statutes and laws of the State of Colorado.

57. AmFam knew that its conduct was unreasonable and/or acted in reckless disregard of such knowledge.

58. As a direct and proximate cause of AmFam's bad faith breach, Plaintiffs have suffered damages.

## THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. § 10-3-1114, 1115 and 1116 *et seq* – STATUTORY BAD FAITH)

59. Plaintiffs hereby incorporate all allegations made elsewhere in this Complaint.

60. AmFam is engaged in the business of insurance in Colorado.

61. Plaintiffs are First-Party Claimants as defined by C.R.S. § 10-3-1115.

62. AmFam unreasonably delayed or denied payment of a claim of benefits in violation of C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

63. The conduct of AmFam has proximately caused injuries, damages, and losses to Plaintiffs.

WHEREFORE, Plaintiffs requests a judgment be entered in favor of Plaintiffs, Kimberley and Kenneth Carpenter, and against the Defendant American Family Mutual Insurance Company, in an amount to fairly and reasonably compensate Plaintiffs for their injuries, damages and losses as set forth above; double damages and reasonable attorney fees pursuant to C.R.S. 10-3-1116 for the applicable crash; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or is otherwise permitted under Colorado law; and for such other and further relief as to this Court may seem just and proper.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for relief as follows:

a. All economic damages caused by the January 25, 2011 and October 30, 2012 collisions, including, but not limited to, past and future medical expenses and lost income;

b. All non-economic damages caused by the January 25, 2011 and October 30, 2012 collisions, including, but not limited to, mental and emotion distress, pain and suffering, anxiety and inconvenience;

c. Compensatory damages for Plaintiff, Kimberley Carpenter's permanent physical impairment caused by the January 25, 2011 and October 30, 2012 collisions;

d. Compensatory damages for Kenneth Carpenter's loss of consortium;

e. All statutory damages to which Plaintiffs are entitled;

f. Exemplary and punitive damages;

g. Pre- and Post- judgment interests;

h. All reasonable attorney's fees and costs allowed by law; and

i. Such other and further relief and that the Court deems just and proper.

Respectfully submitted this 24th day of June, 2013

KLEIN | FRANK, P.C.

*Original signature on file at Klein | Frank, P.C.*

/s/ *Beth Klein*
Beth A. Klein
Carrie R. Frank

Plaintiffs' address:
1116 Wagon Wheel Ct.
Berthoud, CO 80513