IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01986-REB-CBS

Kimberly Carpenter and Kenneth Carpenter,

    Plaintiffs

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant

_____

PROTECTIVE ORDER

_____

    This matter having come before the Court on the Agreed Motion for Protective Order and having reviewed the filings of the parties, finds and orders as follows:

    1.    In this action, both parties have previously sought and/or will seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to the interests of the Parties. The Protective Order is entered for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3. The term "document" is defined as

provided in Fed. R. Civ. P. 34(a). Information in the hands of third parties or obtained from third parties, while perhaps being subject to various privileges, is not necessarily Confidential Information for purposes of this Protective Order.

3. American Family Mutual Insurance Company may produce certain documents that it considers proprietary, confidential, and competitively sensitive and/or trade secrets of Defendant or its related entities; or which implicate an individual's common law or statutory privacy interests.

4. Plaintiffs have produced medical, employment, tax, worker's compensation and other records to American Family before this litigation ("Claim File Records") that contain Plaintiffs' social security numbers and private medical information. Both Parties have also produced Plaintiffs' medical, employment, tax, worker's compensation and other records to American Family after this litigation ("Litigation File Records") that contain Plaintiffs' social security numbers and private medical information.

a. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or produced in disclosures, it will be designated in the following manner:

a. By imprinting the word "Confidential" on the first page or cover of any document produced or within ten calendar days after the date of this Order;

b. By imprinting the word "Confidential" next to or above any response to a discovery request within ten calendar days after the date of this Order; and

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony or the date of this Order.

4. All Confidential Information provided by a Party shall be subject to the following restrictions:

a. It shall be used <u>only</u> for the purpose of <u>this</u> litigation and not for any business or other purpose whatsoever;

b. It shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   i. attorneys actively working on this case;

   ii. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   iii. the parties, including designated representatives for the entity defendant;

   iv. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   v. the Court and its employees ("Court Personnel");

   vi. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   vii. deponents, witnesses, or potential witnesses; and

   viii. other persons by written agreement of the parties.

c. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, except for purposes of this case unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, the parties shall retain the original Confidential Information with the exception of the Claims File Records with shall be maintained by American Family Mutual Insurance Company, and their counsel shall retain custody of a copy Confidential Information and copies made therefrom pursuant to paragraph 8 above. The Confidential Information may be retained in electronic format or hard copy.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information within fourteen days of the date of production or within 10 days of the date of this Order. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file the appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2 and applicable case law standards.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall be responsible for the destruction of all Confidential Information provided to third parties subject to this Protective Order, and all electronic copies, PDF documents, extracts, abstracts, charts, summaries, notes or copies made therefrom. However, counsel shall be entitled to keep copies of all Confidential Information in his or her files. Counsel shall mark their files as containing confidential information and take whatever steps are necessary to maintain the confidentiality of the Confidential Information after the termination of litigation.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. If either party mistakenly produces information in discovery that is subject to a privilege claim – if such privilege has accrued in the course of <u>this</u> action - a claim of inadvertent production must be made within 20 business days of the date the producing party learns of the inadvertent production. The inadvertent production will not constitute waiver of the privilege. If no agreement can be reached on the treatment of the document, the producing party shall be free to move the Court for an order requiring the return of the document.

17. With respect to Claim File Records, the Parties acknowledge that these records must be maintained by American Family Mutual Insurance Company in an unalterable form pursuant to Colorado Insurance Reg. No. 1-1-7 and must comply with the privacy protections

contained in the Gramm-Leach-Bliley Privacy Act (the Financial Services Modernization Act of 1999) and the Health Information Portability & Accountability Act of 1996 (HIPAA). That includes any applicable subsequent amendments and modifications of those Acts. The original Claim File Records as maintained by American Family Mutual Insurance Company are not subject to the provisions of this Order. However, copies made of the Claims File Records and any Claims File Records produced in this litigation are subject to the provisions of this Order.

18. Any request to restrict access must comply with the requirements of D.C.Colo.LCivR 7.2. Particularly, any documents containing CONFIDENTIAL information that are to be filed with the Court by either party must be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2(D). The filing party must simultaneously give written notice to the opposing party when filing CONFIDENTIAL information. Any party may file a motion to restrict access in accordance with D.C.Colo.LCivR 7.2(D). CONFIDENTIAL information filed with the Court or used in any court proceeding in connection with this action shall not lose its status through such use. To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of restricted documents, then the local rules shall govern.

19. The production of documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

20.	This Protective Order survives this case for the purpose of enforcement.

DATED at Denver, Colorado, on February 20, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## AFFIDAVIT

STATE OF _____  )
                         )ss.
COUNTY OF _____     )

_____, swears of affirms and states under penalty of perjury:

1. I have read the Protective Order in Civil Action Number _____, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that certain materials that have been provided to me are Confidential Information as defined in the Protective Order.

3. I have not and will not divulge any Confidential Information provided to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this or related litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
Signature

_____
Print or type name

_____
Address

_____
Telephone number

SUBSCRIBED AND SWORN to before me this ____ day of _____, 201__, by _____.

WITNESS my hand and official seal.
Notary Public
[SEAL]
My Commission Expires: _____