**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01986-REB-CBS

KIMBERLEY CARPENTER, and KENNETH CARPENTER

     Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

     Defendant.

_____

**SECOND AMENDED COMPLAINT AND JURY DEMAND**
_____

     PLAINTIFFS, Kimberley and Kenneth Carpenter, through their attorneys, for their Second Amended Complaint, state and allege as follows:

**<u>PARTIES</u>**

     1.    Plaintiff Kimberley Carpenter is an individual whose primary residence is located at 1116 Wagon Wheel Ct., Berthoud, Colorado 80513.  She is married to Kenneth Carpenter and was married to Kenneth on Jan. 25, 2011.

     2.    Plaintiff Kenneth Carpenter is an individual whose primary residence is located at 1116 Wagon Wheel Ct., Berthoud, Colorado 80513.  He is and at all times relevant has been married to Kimberley Carpenter.

     3.    Upon information and belief, American Family Mutual Insurance Company is a Wisconsin insurance company, licensed by the Commissioner of Insurance to write insurance policies in the state of Colorado, whose corporate headquarters are located

1

**EXHIBIT A**

at 6000 American Parkway, Madison, Wisconsin 53783, and whose local regional

claim's office is located at 9510 Meridian Boulevard, Englewood, Colorado 80112.

## BACKGROUND

4.     Plaintiffs, Kimberley and Kenneth Carpenter (hereinafter "Plaintiffs") bring

this action for contractual benefits and extra-contractual remedies for injuries arising

from a motor vehicle collision on January 25, 2011 in Longmont, Colorado, that injured

Mrs. Carpenter directly and Mr. Carpenter indirectly.

5.     The Carpenters seek benefits from five insurance contracts they had

purchased from the defendant that each provided Underinsured Motorist coverage

benefits.

6.     In those five insurance contracts, American Family promised to pay

damages the insureds, such as the Carpenters, could lawfully recover from the motorist

whose negligence caused them injuries or losses characterized as "damages."

7.     On or about January 25, 2011, at approximately 7:43 a.m., Plaintiff,

Kimberley Carpenter, was the driver of a motor vehicle, stopped in traffic, in the

westbound lane of 9th Avenue, near the intersection of Martin Street, in Longmont,

Colorado when she was struck from behind by a vehicle driven by Susana Gonzalez,

whose negligence caused the collision.

8.     The impact of Gonzalez's vehicle into Plaintiff, Kimberley Carpenter,

caused injuries to Mrs. Carpenter.  Mrs. Carpenter's injuries from this crash include, but

are not limited to, injuries to her lower spine that necessitated micro-discectomy surgery

and bills exceeding $25,000.

**EXHIBIT A**

9.     Ms. Gonzalez was insured though Allstate and carried liability insurance with limits of $25,000.00.

10.     With permission of American Family, the Carpenters were able to accept $25,000 from Allstate to release Susana Gonzalez from any further financial risk effective Nov. 17, 2011.

11.     The injuries caused Kenneth Carpenter to experience the loss of his wife's aid, comfort and society recognized by the law as a loss of consortium.

12.     The loss of consortium is recognized as a compensable loss for which Kenneth Carpenter could recover damages from the careless motorist whose negligence injured his wife, Kimberley Carpenter.

13.     Kenneth Carpenter's loss of consortium is compensable under the terms and conditions of the American Family insurance contracts in full force and effect for the January 25, 2011, motor vehicle collision.

14.     The policy numbers for the American Family policies in full force and effect as of January 25, 2011 crash are 19577448-01, 19577448-02, 19577448-03, 19577448-04 and 19577448-05.

15.     The Carpenters requested Underinsured Motorist benefits from American Family.

16.     The Carpenters asked American Family for explanations for how American Family was deciding their claims.

17.     The Carpenters asked American Family for an explanation for how American Family calculated their damages caused from this covered collision.

EXHIBIT A

18.    The Carpenters asked American Family to provide them with coverage benefits from any of their five policies that each provides benefits for damages caused by a negligent underinsured motorist such as Ms. Gonzalez.

19.    Through claims adjuster Mark Juneman American Family calculated damages caused from the January 2011 collision at $185,000.

20.    American Family refuses to pay the Carpenters any benefits from any of the five policies unless the Carpenters agree to surrender their rights to pursue benefits from all five policies

21.    To cooperate with American Family, the Carpenters counsel provided American Family in January 2011 with signed medical release authorizations to enable American Family to obtain whatever medical records the insurance company believes it needed to investigate and evaluate the claims.

22.    American Family did not schedule an evaluation of Kimberley Carpenter with any physician until February 2014 when she was evaluated in March 2014 by Dr. Michael Rauzzino.

23.    Since 1990, based on information and belief, American Family has issued materials condemning claim practices that keep the insured in financial distress to encourage early settlement or delaying settlement to increase investment income and that such claim practices would be reprehensible.

24.    Since 1990, based on information and belief, American Family has issued materials stating that claim practices or any others designed to give the company unfair leverage in the negotiation of a claim settlement are prohibited.

4

EXHIBIT A

25.     Since 1990, based on information and belief, American Family has issued materials that claim American Family is genuinely interested in the welfare of the injured claimant and in the protection of the insured and wants to do everything within reason to see that the claimant's immediate economic concerns are addressed. To do otherwise is to breed distrust, resentment and cause the retention of counsel.  The general distrust of insurance companies is not without cause in many cases. American Family does not want to contribute to that distrust.

26.     Since 1990, based on information and belief, American Family has issued materials that in cases like Kimberley Carpenter, where liability is clearly probable, it is permissible to make a partial payment of claims without requiring a release for humanitarian reasons in alleviating the immediate needs of the claimant in appropriate cases.

27.     Since 2011, American Family has been operating its claims-handling under a "pay for performance" philosophy that rewards claims employees based on job performance linked to achieving corporate economic objectives.

28.     Since 2007, American Family has operated under a Performance-Driven Culture of shared beliefs where claims employees are informed by American Family management that claims are being overpaid.

29.     Since 2007, American Family has provided financial incentives and bonuses to claims employees based on corporate financial goals and achievements such as combined ratio formulas by which employees enjoy a financial bonus based on corporate profits.

5

30.     Since 2007, American Family has operated under a Corporate Incentive Program published on its website promising to pay employees based on corporate profitability.

31.     American Family has promised since 1998 to handle claims in obedience to the Colorado Unfair Claim Settlement Practices Act.

32.     In its advertisements and in representations made on its website, American Family intended for the Carpenters to reasonably rely on these assertions that American Family would help them achieve their Dream through various financial mechanisms sold by American Family.

33.     American Family has denied providing the Carpenters with any benefits from any of their five contracts with American Family each promising to pay up to their respective policy limits whatever damages the Carpenters could recover from the negligent but underinsured motorist who caused their damages.

34.     The decision by American Family to pay the Carpenters no contract benefits, no advance partial payments and nothing unless the Carpenters agree to surrender or release their rights to obtain benefits from all insurance contracts has been intentional.

35.     The decision by American Family to pay the Carpenters no contract benefits has been deliberate, willful and wanton, behavior evincing a reckless disregard for the rights and feelings of the public, including the Carpenters.

36.     The behavior by American Family in failing to honor the Unfair Claim Settlement Practices Act and its provisions forbidding the insurer from withholding benefits without giving a reasonable explanation for such withholding, for conditioning

6

payment of any contract benefits upon relinquishment of rights to pursue benefits from the other coverages, in failing to conduct a timely investigation into their claims and in failing to give equal regard for their positions in evaluating their claim violate the covenant of good faith and fair dealing.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT CLAIM)

37.     Plaintiffs hereby incorporate all allegations made elsewhere in this Complaint.

38.     By refusing to pay the Carpenters any benefits from any of their five coverages even though American Family admits their damages exceed $100,000, American Family has breached its contracts with Plaintiffs.

39.     As a direct and proximate result of this breach of contract, Plaintiffs have incurred damages, injuries and losses in amounts to be determined by the jury at trial.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH BREACH OF INSURANCE CONTRACT)

40.     Plaintiffs hereby incorporate all allegations made elsewhere in this Complaint.

41.     American Family owes the Carpenters as insureds duties of good faith and fair dealing arising from each contract of insurance in full force and effect as of January 2011.

42.     The duty of good faith and fair dealing is owed to the Carpenters in all of their dealings with American Family and is not limited only to the claims process..

**EXHIBIT A**

43.     American Family breached its duties of good faith as set forth above, causing the Carpenters to incur emotional distress and other damages to be determined by the jury at trial.

44.     American Family's behavior as set forth above also violates Colorado law, including C.R.S. § 10-3-1113(4), C.R.S. § 10-3-1104.

45.     American Family knew that its conduct was unreasonable and/or acted in reckless disregard of such knowledge.

46.     Through this behavior as set forth above, American Family needlessly endangered the emotional and financial security of the Carpenters who paid premiums to avoid these specific damages being caused by a negligent but underinsured motorist.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. § 10-3-1114, 1115 and
### 1116 *et seq* – STATUTORY BAD FAITH)

47.     Plaintiffs hereby incorporate all allegations made elsewhere in this Complaint.

48.     American Family is engaged in the business of insurance in Colorado.

49.     Plaintiffs are First-Party Claimants as defined by C.R.S. § 10-3-1115.

50.     American Family unreasonably delayed or denied payment of a claim of benefits in violation of C.R.S. § 10-3-1113, §10-3-1115 and C.R.S. § 10-3-1116.

51.     The conduct of American Family in delaying and denying covered benefits has been without a reasonable basis.

52.     Delaying and denying the Carpenters Underinsured Motorist benefits from any of their five policies so American Family could achieve higher corporate profits, lower combined ratios, and provide financial incentives to claims handlers to encourage

EXHIBIT A

them to pay lesser amounts so the claims handlers could recover personal bonuses is not a reasonable basis upon which to delay or deny covered benefits.

**WHEREFORE**, Plaintiffs requests a judgment be entered in favor of Plaintiffs, Kimberley and Kenneth Carpenter, and against the Defendant American Family Mutual Insurance Company, in an amount to fairly and reasonably compensate Plaintiffs for their injuries, damages and losses as set forth above;  for their physical pain, mental pain, emotional distress, loss of enjoyment of life, physical impairment, for their economic losses including medical, hospital and surgical expenses, for remedies as provided by statute for delaying and denying first-party covered benefits without a reasonable basis, for exemplary damages to set an example to other insurers and to deter this insurer from repeat conduct in future claims, for costs, reasonable attorney fees,; for expert witness fees; for statutory interest as provided by law and statute, and for such other and further relief as permitted by law.

**PRAYER FOR RELIEF**

**WHEREFORE, in addition,** Plaintiffs pray for additional relief as follows:

a.      All economic damages caused by the January 25, 2011, collision;

b.      All non-economic damages caused by the January 25, 2011 collision, including, but not limited to, mental and emotion distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, physical impairment and loss of time; and,

c.      Exemplary and punitive damages.

**JURY TRIAL DEMANDED**

Respectfully submitted this 12th day of May, 2014.

**EXHIBIT A**

THE KAUDY LAW FIRM, LLC

*A duly signed original is on file at*
*The Kaudy Law Firm, LLC*

/s/ Richard M. Kaudy
Richard M. Kaudy, #12345
THE KAUDY LAW FIRM, LLC
333 W. Hampden Avenue, Suite 850
Englewood, CO 80110
Phone: (303) 623-1885
Fax:  (303) 623-1825
Email:  rkaudy@kaudylaw.com

~and~

*A duly signed original is on file at*
*Klein Frank, P.C.*
/s/ Beth Klein, Esq.
Beth Klein, Esq.
Carrie Frank, Esq.
Klein | Frank, P.C.
1909 26th Street, Suite 1C
Boulder, CO 80302
Email:  beth@kleinfrank.com
            carrie@kleinfrank.com

**EXHIBIT A**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, a true and exact copy of the foregoing **SECOND AMENDED COMPLAINT AND JURY DEMAND** was efiled/eserved by ECF:

Debra K. Sutton, Esq.
Scott C. James, Esq.
Sutton Booker, PC
26 W. Dry Creek Cir., Suite 375
Littleton, CO 80120
Email: dsutton@suttonbooker.com
sjames@suttonbooker.com

THE KAUDY LAW FIRM, LLC

*A duly signed original is on file at*
*The Kaudy Law Firm, LLC*

*/s Annette L. Herrera*
Annette L. Herrera, Paralegal

**EXHIBIT A**