**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01986-REB-CBS

KIMBERLY CARPENTER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER CONCERNING MOTION *IN LIMINE*

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion In Limine** [#126][1] filed October 10, 2014. No response was filed. I grant the motion in part and deny it in part.

Plaintiff Kimberly Carpenter seeks $500,000 in benefits from five separate Underinsured Motorist coverage contracts purchased from the defendant. Ms. Carpenter suffered an injury to her low back in a January 25, 2011, rear-end collision. She says the impact herniated her L5-S1 disc, which injury required surgery. In addition, she claims to suffer symptoms caused by the back injury.

Ms. Carpenter claims her insurer, American Family Mutual Insurance Company, breached the insurance contracts, withheld covered benefits without a reasonable basis, and was deliberately indifferent to all information concerning her claim. She seeks contractual and extra-contractual damages along with statutory remedies as

---

[1] "[#126]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

outlined by C.R.S. §§10-3-1115 and 10-3-1116.  American Family disputes the nature and extent of the alleged injuries of Ms. Carpenter as well as the relatedness of the alleged injuries to the motor vehicle accident.

In the motion *in limine*, Ms. Carpenter seeks the exclusion of certain evidence from trial.  First, Ms. Carpenter seeks exclusion of evidence concerning Dr. Timothy Kuklo, the doctor who surgically repaired the herniated lumbar disc of Ms. Carpenter.  Roughly six years ago, Dr. Kuklo was a U.S. Army surgeon.  He was accused of unauthorized research into and improper publication of his treatment of soldiers using a bone graft product.  The investigation closed without any conclusive finding that Dr. Kuklo engaged in research misconduct. I grant this portion of the motion on both procedural and substantive grounds.

Procedurally, the defendant has waived or forfeited any such challenge because (1) the defendant did not file a response to the motion *in limine*; and (2) the defendant did not file a motion under Fed. R. Evid. 702 challenging the expert opinion testimony of Dr. Kuklo.

Substantively, I find and conclude that such evidence is not relevant to the qualifications of Dr. Kuklo or the reliability of his expert opinions.  Further, such evidence is not relevant to the credibility of Dr. Kuklo or any other consequential fact at issue in this case.  Fed. R. Evid. 401, 402.  Thus, as to evidence of the allegation of research misconduct against Dr. Kuklo, the motion *in limine* is granted.

Second, Ms. Carpenter seeks exclusion of evidence that some of her past and future medical expenses have been or will be satisfied through her health insurance. Under **Wal-Mart Stores, Inc. v. Crossgrove**, 276 P.3d 562, 566 (Colo. 2012), "evidence of a plaintiff's receipt of collateral source benefits is not only inadmissible to

offset or mitigate damages, but also involves a substantial likelihood of prejudicial impact if admitted for other purposes because evidence of collateral benefits is readily subject to misuse by a jury. Thus, Colorado's common law collateral source rule completely bars the admission of collateral source evidence." *Id*. (internal quotation and citation omitted). §13–21–111.6, C.R.S., abrogates parts of the post-verdict component of the common law collateral source rule. *Id*. The present motion does not implicate such post-verdict issues. Thus, any evidence that some of the past and future medical expenses of Ms. Carpenter have been or will be satisfied through her health insurance must be excluded.

      Third, Ms. Carpenter seeks the exclusion of evidence of the financial consequences of a jury determination that American Family withheld insurance benefits without a reasonable basis. Under §10-3-1116(1), C.R.S., if a jury finds an insurer withheld benefits without a reasonable basis, the court – not the jury – shall award two times the covered benefit, plus reasonable attorney fees. The only factual findings the jury must make with respect to such a claim is whether the covered benefit was unreasonably delayed or denied and the amount of the covered benefit. Based on the verdict of the jury, the court awards two times the covered benefit and reasonable attorney fees. CJI-Civ. 4th 25:4, 25:10 and the concomitant *Notes on Use* and *Source and Authority*. Evidence of the potential award of two times the covered benefit plus reasonable attorney fees is not relevant to any determination a jury must make on such a claim. Fed. R. Evid. 401, 402. Therefore, such evidence must be excluded from trial. Fed. R. Evid. 104(d).

      Fourth, Ms. Carpenter seeks to exclude photos of the car in which she was injured, which photos show little property damage to the Carpenter car. Such photos,

Ms. Carpenter contends, invite juror speculation regarding the cause of her disc herniation.  While it may be that such photos are not relevant or invite such speculation, it also is conceivable that photos of the car in which Ms. Carpenter was injured are relevant to a fact of consequence in this case.  I cannot make a conclusive determination on these issues until the evidentiary landscape becomes clear at trial.  Concerning the photos of the Carpenter car, the motion *in limine* is denied without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiff's Motion In Limine** [#126] filed October 10, 2014, is granted as to (a) evidence of the allegation of research misconduct against Dr. Kuklo, (b) evidence that past and future medical expenses of Ms. Carpenter have been or will be satisfied through her health insurance, and (c) evidence of the potential award of two times the covered benefit plus reasonable attorney fees under §10-3-1116(1), C.R.S.; and

2.  That otherwise, the **Plaintiff's Motion In Limine** [#126] filed October 10, 2014, is denied without prejudice.

Dated September 23, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

4