IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1986-JLK

KIMBERLEY CARPENTER,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO.,

      Defendant.

_____

ORDER FOR ENTRY OF JUDGMENT
(resolving Docs. 187, 189, and 191)
_____

KANE, J.

On November 6, 2015, a 12-member district court jury returned a policy limits

verdict of $500,000 in favor of Plaintiff Kimberly Carpenter on her underinsured motorist

(UIM) claim against Defendant, American Family Insurance Co., and a $3.5 million

verdict on her claim for bad faith breach of insurance contract.  The matter is before me

for resolution of disputes regarding the appropriate form of judgment, specifically, for

application of noneconomic damage caps under Colo. Rev. Stat. § 13-21-102.5 and the

appropriate measure of prejudgment interest.

I have reviewed Plaintiff's Motion for Entry of Judgment (Doc. 187), Defendant's

Response (Doc. 189), and Plaintiff's Reply (Doc. 190), and have thoroughly considered

the legal argument and authority cited therein. Counsel have done a fine job of briefing

the issues raised.  Based on this thorough review, I ORDER that Judgment enter in accord with the following findings of fact and conclusions of law.

1. <u>Damage cap for noneconomic loss or injury</u>.  The jury awarded Ms. Carpenter $3.5 million in non-economic losses on her claim against American Family for bad faith.  Since 1986, however, personal injury awards for non-economic losses have been capped at $250,000, to be adjusted by inflation.  *See* C.R.S. § 13-21-102.5(3)(a) & (c).  The cap applies "unless the court finds justification by clear and convincing evidence" that the cap should be exceeded, in which case the maximum amount that may be awarded is two times the cap, or $500,000.  *Id.*  The parties agree that in this case, the inflation-adjusted caps are $468,010 and $936,030, respectively.

I find based on clear and convincing evidence in this case that an award at the upper limit of the cap is justified.  Testimony elicited at trial and various exhibits demonstrate clearly and convincingly that American Family acted not only with utter indifference, but that it also assigned an incompetent adjuster, failed to meet its statutory obligation to train that adjuster, failed to supervise him, and grossly failed to meet acceptable standards for adjusting claims as testified to by Ms. Carpenter's fully credible expert.  I was particularly struck by evidence demonstrating American Family's internal policy and mission was to pay out as little as possible to its insureds and American Family's callous treatment of Ms. Carpenter in making a take it or leave it offer of $150,000 with the proviso that this would be a final settlement and a surrender by her of $350,000 in coverage for which she had paid.  Ms. Carpenter's permanent pain, the

likelihood of additional surgeries, and the permanent loss of sensation in her genital and urinary organs was clearly established, as was the evidence of the emotional toll of these losses. American Family's suggestion that Ms. Carpenter isn't as "catastrophically" injured as others for whom exceptions to the § 102.5 damages cap have been applied is not well taken. The loss of any sensation in her sex life, coupled with the long-term and very loving marital relationship she has with Mr. Carpenter, is catastrophic. Moreover, debating degrees of an insured's physical devastation when the claim is for non-economic damages related to the insurer's bad faith failure to pay is an exercise in deflection I decline to endorse.

In this regard, it is my strong view that any cap on a jury verdict should be narrowly construed to meet legislative intent and no more, because such caps usurp the right to trial by jury and derogate the common law.  The jury in this case viewed the evidence and its verdicts suggest calm deliberation rather than prejudice or hostility. They show compassion, but the compassion is not an emotional excess.  I find justification under a clear and convincing evidentiary standard to depart from the baseline damage cap to the maximum allowed by statute.  Accordingly, I REDUCE the jury's $3.5 million verdict to an award of $936,030.

2. Prejudgment Interest. Both parties agree that tortfeasor-caused damages in UIM claims merit 9% prejudgment interest capped at insurance limits, citing *USAA V. Parker*, 200 P.3d 350 (Colo. 2009).  The parties disagree about whether *insurer*-caused damages – i.e., damages cause not by the uninsured motorist in this case, but by American Family's

wrongful refusal to pay Mrs. Carpenter on her UIM claims under the contract – may be carved out of the *Parker* limitation.  Ms. Carpenter maintains they can, citing *Peterman v. State Farm Mut. Automobile Ins., Co.*, 8 P.3d 549, 552 (Colo. App. 2000) for its recognition that prejudgment interest may be awarded in excess of policy limits where damages arise not from the insured's car accident, but from the insurer's wrongful failure to pay its insured under the terms of that policy. I agree.  *Parker* stands for the proposition that an insurance policy contractually limits the insurer's obligation to compensate its insured for injuries caused by an uninsured third person; but it remains true that the insurer should not be able to use that contract to shield itself from having to repay its insured for the time value of money it wrongfully withheld under the contract, thereby enriching itself at its insured's expense.  A breaching party should not be given a windfall by delaying rightful claims. *See Davis Cattle Co. v. Great Western Sugar Co.*, 544 F.2d 436, (10th Cir. 1976)(recognizing judicially created exceptions in Colorado to general rule that prejudgment interest is creature of statute, and where money has been wrongfully withheld, it is only fair that the victim receive interest on the money withheld).

Here, American Family never disputed Mrs. Carpenter's serious injuries and its withholding of UIM payments under its policy was, quite simply, an extortion. Adjuster Jueneman testified at trial that American Family calculated Mrs. Carpenter's losses at $155,000 through June 2013, but withheld payment because she would not sign a release to forfeit her ability to recover the full value of her UIM policy benefits.  Under these

circumstances, I conclude *Parker* does not preclude an award of prejudgment interest on $155,000 of the $500,000 policy limits awarded, because to hold otherwise would give American Family a windfall for its wrongful withholding of payment.  Accordingly, I ORDER that Mrs. Carpenter is entitled to prejudgment interest at the statutory rate of 9% on $155,000 of the $500,000 UIM award to compensate her for the time value of monies American Family wrongfully withheld.

3. <u>Accrual date for calculating prejudgment interest on bad faith verdict</u>.  The duty of good faith persists and a claim for bad faith accrues at the initial act thereof.  Based on the facts adduced at trial – including the prescient advice of an American Family adjuster to "hire a lawyer" if the accident was "more than a fender bender" – I find Mrs. Carpenter's bad faith claim accrued at the time she hired her attorney in October 2011.

Based on the foregoing, it is ORDERED that judgment on the jury's November 6, 2015 verdict will enter in favor of Kimberley Carpenter and against American Family in the amount of $500,000 on the UIM claim, and $936,030 on the bad faith claim.  Plaintiff is entitled to prejudgment interest on $155,000 of the $500,000 UIM award from June 30, 2013 until December 15, 2015, and on the $936,030 bad faith award from an accrual date of October 31, 2011. Counsel are directed to CONFER and counsel for Plaintiff SHALL SUBMIT a proposed form of Judgment, with interest calculations, on or before noon on Tuesday, December 15, 2015.

Dated this 11th day of December, 2015, at Denver, Colorado.


          **_s/John L. Kane_**          
SENIOR U.S. DISTRICT JUDGE